UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------------------------------------×

BIANCA BROOKS, *on behalf of herself and those similarly situated*,

        Plaintiff,

        v.

GUSTA ROSSO TRATTORIA & BAR *and* VINCENT DEMAEO, *individually,*

        Defendants.

------------------------------------------------------------------------×

17 CV 12917

**COLLECTIVE ACTION COMPLAINT**

Plaintiff Bianca Brooks, on behalf of herself and those similarly situated, by her counsel, The Harman Firm, LLP, alleges for her Complaint against Defendants Gusta Rosso Trattoria & Bar ("Gusta Rosso") and Vincent DeMaeo, individually, as follows:

## PRELIMINARY STATEMENT

1. This lawsuit seeks to recover minimum wage and overtime compensation for Ms. Brooks and similarly situated individuals: bartenders, servers, and all other tipped, hourly food service workers who work or have worked at Gusta Rosso, an Italian restaurant in Union, NJ.

2. Ms. Brooks brings this action on behalf of herself and similarly situated current and former tipped hourly food service workers who elect to opt in to this action pursuant to the Fair Labor Standards Act (FLSA), as amended, 29 U.S.C. §§ 201 *et seq.*, and specifically the collection action provisions of the FLSA, 29 U.S.C. § 216(b), to remedy Defendants' violations of the wage-and-hour provisions of the FLSA that have deprived Ms. Brooks and other similarly situated employees of their lawfully earned wages.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over Plaintiff's claims arising under the FLSA.

1

4.  Pursuant to 28 U.S.C. § 1391(b), venue is proper in the United States District Court for the District of New Jersey, as a substantial part of the events giving rise to these claims occurred within this District.

## PARTIES

5.  Ms. Brooks, at all times relevant hereto, was and is a resident of Union County in the State of New Jersey.

6.  Upon information and belief, at all times relevant hereto, Gusta Rosso was and is a corporation organized under the laws of the State of New Jersey with its principal place of business located at 1998 Morris Avenue, Union City, New Jersey 07083 in Union County.

7.  Upon information and belief, at all times relevant hereto, Mr. DeMaeo was and is the owner of Gusta Rosso and a resident of the State of New Jersey.  Mr. DeMaeo directed and controlled the work of Ms. Brooks and Gusta Rosso's other employees, including, but not limited to: making schedules; hiring, firing, and discipling employees; hearing employee complaints; and establishing Gusta Rosso's pay practices.

## COVERAGE UNDER FLSA

8.  At all times relevant hereto, Ms. Brooks was Defendants' "employee" within the meaning of the FLSA.

9.  At all times relevant hereto, Defendants were Ms. Brooks's "employers" within the meaning of the FLSA.

10. Defendants were, and continue to be, "employers" within the meaning of the FLSA.

11. At all times relevant hereto, Gusta Rosso was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA, as it generates revenue by selling food and drinks to its patrons.

12. Upon information and belief, Gusta Rosso's annual gross revenue was in excess of $500,000 during the relevant time period.

13. At all times relevant hereto, Ms. Brooks was "engaged in commerce" and subject to individual coverage of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

14. Pursuant to 29 U.S.C. § 216(b), Ms. Brooks seeks to prosecute her FLSA claims as a collective action on behalf of herself and others who currently work or formerly worked as bartenders, servers, and/or any other tipped, hourly food service position for Gusta Rosso (the "Collective Action Members") and were not paid the minimum wage or the overtime premium rate during the three-year period immediately preceding the filing of the original complaint (the "Statutory Period").

15. As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and policy of violating the FLSA with respect to Ms. Brooks and the Collective Action Members. This pattern, practice, and policy includes, but is not limited to:

    a. Willfully failing to pay their employees, including Ms. Brooks and the Collective Action Members, the minimum wage for all hours worked and premium overtime wages for hours worked in excess of 40 per work week;

    b. Willfully failing to maintain records of all of the time that their employees, including Ms. Brooks and the Collective Action Members, worked for the benefit of Defendants; and

    c. Willfully failing to notify their employees, including Ms. Brooks and the Collective Action Members, of their rights under the FLSA.

16. Defendants are aware or should have been aware that federal law required them to pay their employees the minimum wage for all hours worked and pay non-exempt employees proper overtime premiums for all hours worked in excess of 40 per work week.

17. Ms. Brooks and the Collective Action Members are similarly situated in their job descriptions, duties, and compensation and perform, or performed, the same primary job duties.

## STATEMENT OF FACTS

18. On or about October 11, 2017, Ms. Brooks began working as a Bartender at Gusta Rosso's restaurant located at 1998 Morris Avenue in Union, NJ.

19. Ms. Brooks reported directly to Mr. DeMaeo, Gusta Rosso's sole owner.

20. Ms. Brooks's employment at Gusta Rosso ended on or about November 12, 2017.

21. Throughout Ms. Brooks's employment, Defendants never paid her or the Collective Action Members any salary or hourly wage whatsoever.

22. The FLSA requires that employees be paid the minimum wage.

23. Where federal and state laws set different minimum wage rates, the higher minimum wage rate applies.

24. At all relevant times, the minimum wage in New Jersey was $8.44, the minimum cash wage payment was $2.13, and the maximum tip credit wage was $6.31.

25. The FLSA permits an employer to count tips received by an employee as wages (a "tip credit allowance").

26. The employer must pay the employee at least $2.13 an hour in direct wages.

27. If an employee's tips plus direct wages do not total the hourly wage of $8.44 per hour, the employer must make up the difference and pay more in direct wages, so that the employee earns at least $8.44 per hour.

28. Under the FLSA, in order for an employer to claim the tip credit allowance, the employer must: (1) inform the employee of the tip credit allowance; (2) be able to show that the employee receives at least $8.44 per hour when direct wages and tips are added together; and (3) allow the employee to retain all tips.

29. Where a tipped employee earns overtime, this tip credit does not change.

30. At a base rate of $8.44 per hour, and a tip credit of $6.31, Ms. Brooks was owed direct pay of $6.35 per hour for all of her overtime hours worked.

31. Defendants never informed Ms. Brooks of the tip credit allowance.

32. Defendants never informed Ms. Brooks of the FLSA's minimum wage requirement.

33. Defendants never paid Ms. Brooks any direct wages whatsoever.

34. The FLSA requires that an employer pay an employee at a rate of one and half times the employee's regular rate of pay for each hour worked in excess of 40 per work week.

35. Defendants never paid Ms. Brooks at the overtime premium rate for each hour that she worked in excess of 40 in any given work week.

36. Instead, Ms. Brooks was compensated solely in tips.

37. In the week beginning October 8, 2017, and ending October 14, 2017, Ms. Brooks worked a total of 16 hours: 7 hours on Wednesday and 7 hours on Saturday.

38. In the week beginning October 15, 2017, and ending October 21, 2017, Ms. Brooks worked a total of 55.5 hours, including 15.5 hours of overtime: 2 hours on Sunday, 11.5 hours on Tuesday, 6.5 hours on Wednesday, 13 hours on Thursday, 8 hours on Friday, and 14.5 hours on Saturday.

39. In the week beginning October 22, 2017, and ending October 28, 2017, Ms. Brooks worked a total of 63.5 hours, including 23.5 hours of overtime: 2.5 hours on Sunday, 11.5 hours on Tuesday, 13 hours on Wednesday, 14.5 hours on Thursday, 8 hours on Friday, and 14 hours on Saturday.

40. In the week beginning October 29, 2017, and ending November 4, 2017, Ms. Brooks worked a total of 48.5 hours, including 8.5 hours of overtime: 2 hours on Sunday, 13 hours on Wednesday, 13 hours on Thursday, 13 hours on Friday, and 7.5 hours on Saturday.

41. In the week beginning November 5, 2017, and ending November 11, 2017, Ms. Brooks worked a total of 19.5 hours: 13 hours on Thursday and 6.5 hours on Saturday.

42. As a result, during her employment at Gusta Rosso, Ms. Brooks worked a total of 203 hours for which she was not paid the full minimum wage and a total of 47.5 hours in excess of 40 per week for which she was not compensated at the overtime premium rate.

43. Defendants required Ms. Brooks and the Collective Action Members to perform substantial amount of non-tipped "side work," which work comprised in excess of 20 percent of their time at work.

44. This "side work" included, but was not limited to: cleaning and polishing silverware and other fixtures; sweeping; cleaning; and filling dispensers for salt, pepper, and other condiments.

45. Upon information and belief, Defendants never tracked the Collective Action Members' tips to ensure compliance with the FLSA.

46. On or about November 12, 2017, Ms. Brooks called Mr. DeMaeo, demanding that he pay her due wages and complaining that he had not paid her for her work.

47. Mr. DeMaeo refused, stating that he could not pay Ms. Brooks because Ms. Brooks "hadn't even given [him] [her] Social Security number yet."

48. Never before had Mr. DeMaeo told Ms. Brooks that she would not be paid unless she provided him with her Social Security number.

## CAUSES OF ACTION
### FIRST CAUSE OF ACTION
**Failure to Pay Minimum Wage in Violation of the FLSA**

49. Plaintiff, on behalf of herself and those similarly situated, hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 48 with the same force as though separately alleged herein.

50. At all times relevant to this action, Ms. Brooks was employed by Defendants within the meaning of the FLSA.

51. The FLSA mandates that employers pay each of their employees for each hour worked at an hourly rate not less than the federal minimum wage.

52. Where the federal and state laws have different minimum wage rates, the higher standard applies.

53. At all relevant times, the minimum wage in New Jersey was $8.44, the minimum cash wage payment was $2.13, and the maximum tip credit wage was $6.31.

54. Defendants' compensation to Ms. Brooks resulted in an hourly rate below the federally mandated minimum wage.

55. Due to Defendants' FLSA violations, Ms. Brooks is entitled to recover from Defendants her back pay, liquidated damages, reasonable attorneys' fees, costs, and interest related to the action.

## SECOND CAUSE OF ACTION
### Failure to Pay Overtime in Violation of the FLSA

56. Plaintiff, on behalf of herself and those similarly situated, hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 55 with the same force as though separately alleged herein.

57. At all times relevant to this action, Ms. Brooks was employed by Defendants within the meaning of the FLSA.

58. The FLSA mandates that employers must compensate employees at one-and-a-half times their normal hourly rate for all hours worked over 40 each week.

59. Defendants violated the FLSA's overtime requirement by not paying Ms. Brooks at the overtime premium rate for hours worked in excess of 40 in a workweek.

60. Due to Defendants' FLSA violations, Ms. Brooks is entitled to recover from Defendants her unpaid compensation, liquidated damages, interest and reasonable attorneys' fees, costs, and interest related to the action.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests the following relief:

A. For the first cause of action, damages to be determined at trial;

B. For the second cause of action, damages to be determined at trial; and

C. For such other and further relief as the Court deems just and proper.

Dated: New York, New York
December 12, 2017

By: _____
Edgar M. Rivera
THE HARMAN FIRM, LLP
220 Fifth Avenue, Suite 900
New York, NY 10001
T: (212) 425-2600
F: (212) 202-3926
E: erivera@theharmanfirm.com

*Attorneys for Plaintiff*